UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JAHMAL C. FREEMAN,

                Plaintiff,

v.

                                        Case No. 3:20-cv-1362-J-34MCR

RON DESANTIS, et al.,

                Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Jahmal C. Freeman, a pretrial detainee who is housed at the John E. Goode Pretrial Detention Facility (Jail) in Jacksonville, Florida, initiated this action on December 3, 2020, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1). In the Complaint, Freeman names the following Defendants: (1) Ron DeSantis, Governor of the state of Florida; (2) Lenny Curry, Mayor of the city of Jacksonville; (3) Sheriff Mike Williams; (4) Mark H. Mahon, Chief Judge of the Fourth Judicial Circuit Court in and for Duval County, Florida; (5) Adrian Soud, Jr., a state circuit court judge; (6) Melissa W. Nelson, the State Attorney; and (7) Chyna M. Makarowski, an Assistant State Attorney.  Freeman asserts that Defendants violated his federal constitutional rights when they falsely imprisoned him for crimes that he did not commit. According to Freeman, he is not "the perpetrator," Complaint at 6, and there is "no proof of [him] ever committing any crimes," id. at 8. He also asserts that his lawyer is ineffective in ongoing criminal proceedings in the state courts. Additionally, he states that the Jail conditions are subpar because he is subjected to beatings and a "risk of contracting COVID-19." Id. at 9. As

relief, he seeks monetary damages and release from incarceration. He also asks that the Court direct the state authorities to drop the charges.

To the extent Freeman complains about rulings of state court judges in his ongoing state court criminal proceedings, such assertions should be addressed in state court by filing appropriate and timely motions and/or voicing his assertions at scheduled hearings. According to the dockets, Ms. Sissy Denise Adams-Jones represents Freeman in his ongoing state-court criminal cases. See https://core.duvalclerk.com/CoreCms.aspx, Case Nos. 16-2018-CF-000231-AXXX-MA and 16-2018-CF-001493-AXXX-MA. Therefore, the Court will direct the Clerk to send a copy of this Order to Ms. Adams-Jones for appropriate action, if any, in assisting Freeman with his concerns about his criminal cases as well as any confinement issues at the Jail that may be affecting Freeman's abilities to assist in his defense.

Moreover, to the extent Freeman requests that this Court intervene in his pending state court criminal cases, such a request is barred by the abstention doctrine and the principles of exhaustion and comity. Absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43-44 (1971); Butler v. Ala. Judicial Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases already pending in state court free from federal court interference.") (citation omitted).

"In Younger, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional

issues can be raised." <u>Hughes v. Attorney Gen. of Fla.</u>, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing <u>Younger</u>, 401 U.S. at 45). Freeman has not shown that any of these three exceptions to the abstention doctrine apply in his case.

Additionally, insofar as Freeman is requesting that this Court direct state or federal authorities to investigate the alleged injustices and restructure and/or regulate the penal facilities, this Court does not have the authority to grant such relief. Nevertheless, as to Freeman's interest in addressing any ongoing violations at the penal facilities, he may seek such relief by initiating a grievance pursuant to the Jail's administrative grievance procedures. Although the grievance process does not permit an award of money damages, the grievance tribunal has the authority to take responsive action. Additionally, Freeman may contact Director Tammy Morris to address any past or ongoing violations relating to any concerns about the Jail.

To the extent Freeman challenges the fact or duration of his confinement, those claims should be raised in a separate habeas corpus petition pursuant to 28 U.S.C. § 2254. Therefore, the Court will direct the Clerk of Court to send Freeman the proper forms for his use if he chooses to refile either or both claims. The filing fee for a habeas corpus case is $5.00, while the filing fee for a civil rights action is $400.00. Freeman may file an Affidavit of Indigency if he does not have adequate funds to pay the full filing fee.

In light of the foregoing, this case will be dismissed without prejudice to Freeman's right to initiate a habeas case to challenge the legalities of his incarceration and/or the fact or duration of his detention and/or properly initiate a civil rights case and address any allegedly unconstitutional actions on the part of Jail officers, and seek monetary damages, if he elects to do so.

3

Therefore, it is now

**ORDERED AND ADJUDGED**:

1.     This case is hereby **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to refile on the proper forms.

2.     The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

3.     The Clerk shall send a civil rights complaint form, a habeas corpus petition form, and two Affidavit of Indigency forms to Plaintiff. If he elects to refile his claims, he may complete and submit the proper forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In initiating such a case, Plaintiff should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) or pay the proper filing fee (if he does not desire to proceed as a pauper).

4.     The Clerk of Court shall send a copy of this Order to Ms. Sissy Denise Adams-Jones at the following address: 220 E. Forsyth Street, Jacksonville, FL 32202-3320.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of December, 2020.

MARCIA MORALES HOWARD
United States District Judge

sc 12/7
c:
Jahmal C. Freeman